Meadows v. Nesbit.

## J. E. MEADOWS et al. v. F. H. NESBIT.

1. SCHOOL DIRECTORS. *Election.* Under acts of 1870 and 1873, school directors must be elected first Thursday in August, and the incumbents hold over until their successors are elected.

2. TEACHER. *Contract.* A teacher having made a contract with illegally elected school directors, cannot sue the legally elected school directors on the contract.

3. MANDAMUS. *Suit against officers.* Public officers or agents, as such are not liable to be sued, but *mandamus* is the proper remedy to enforce performance of official duty.

---

FROM COFFEE.

---

Appeal in error from the Circuit Court of Coffee county. J. J. WILLIAMS, J.

JONES & TOWNSEND for Meadows.

STONE & CLARK for Nesbit.

DEADERICK, C. J., delivered the opinion of the court.

On February 3, 1879, Nesbit began suit before a justice of the peace of Coffee county against plaintiffs in error, who were summoned as "school directors of the third district of Coffee county, to answer the complaint of F. H. Nesbit in plea of debt due by contract under $500." ·

Upon the trial, judgment was rendered in favor of plaintiffs. The cause was taken to the circuit court,

and there the justice's judgment was affirmed upon the verdict of a jury, and defendant appealed to this court·

The Referees have recommended the affirmance of the judgment of the circuit court, and plaintiffs in error have filed a number of exceptions to the conclusions of fact and law reached by the Referees.

It appears from the record that in 1876 or 1877 Thomas Snodgrass, J. C. Martin and Noel Sparks were elected common school directors of the third civil district of Coffee county, which then constituted one school district; that in the spring of 1878, commissioners appointed by the county court of Coffee for that purpose, laid off the said third district into five school districts, numbered 5, 6, 7, 8 and 9.

In May, 1878, plaintiffs in error were elected directors of the 6th district, a part of the old third, and upon the first day of August, 1878, they were qualified and made an enumeration of the scholastic population. In the meantime the old commissioners of the third district, or two of the three, claimed the right to continue to act as commissioners, and on August 7, 1878, entered into a written contract with Nesbit, by which they employed him to teach in the sixth district, as recently theretofore laid out from part of the third, Sparks not joining in the contract. This contract was read in evidence by plaintiff in support of his claim over the objection of defendants.

It also appears Nesbit taught three months in the new sixth district, and was an acceptable and competent teacher. The defendants did not assent to his employment, nor did they forbid it, and although they

knew he was teaching in their district, they made no objections to it.

It further appears that the new directors had sued the old directors of the original third district for the share of public money due their district (the sixth), and that this suit was compromised by the payment by the old third district directors to those of the new sixth of $75. The directors of the sixth district were elected at a time when the law did not authorize such an election to be held, but they assumed to act, and were qualified as directors, and were, perhaps, *de facto* officers. The acts of 1870 and 1873 fixed the time of election of school directors on first Thursday in August, and it was provided that old directors held over until their successors were elected. The defendants not being legally elected, their predecessors were still entitled under the law to act.

The court charged the jury in effect that the election should be held in August for school directors, and that the election in May was not authorized by law, and would not supersede directors already in office, and the commissioners who employed the teacher had the right to do so, and that the contract to be binding must be in writing, but need not be signed in duplicate in order to make it valid.

The court also said that it would not follow that the commissioners elected in May might not be sued as such, and held responsible, if they acted in that capacity, and received the public money, that they could not, after receiving the public money, be allowed to deny their liability as commissioners, and thus take

advantage of their own illegal act, and in such a case the plaintiffs would have a right to sue and recover in this action. The objections taken are that the contract was not made with plaintiffs in error, but with other and different persons, and shows upon its face that it was made by commissioners of the third district for teaching a school in the sixth.

Upon this ground it would be difficult to sustain the action in this case. But defendants were sued as school directors—public officers—and as such public officers or agents they are not liable to be sued, and even if there had been a written contract with defendants as directors, the remedy by suit to hold them personally liable cannot be resorted to: 1 Meigs' Dig., sec. 103, where numerous cases are cited. *Mandamus* is the proper writ to enforce the performance of an official duty: 1 Baxt., 316; 5 Lea, 696; 6 Lea, 12; 4 Hum., 427; 6 Hum., 493.

We conclude, therefore, that the exceptions of defendants are well taken. The report of the Referees will be set aside, and the judgment of the circuit court will be reversed.